**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



MEMORANDUM ORDER

Appellate case name:     Caylon Johnson v. The State of Texas

Appellate case number:    01-13-00833-CR; 01-13-00834-CR

Trial court case number:  1338720

Trial court:              174th District Court of Harris County

August 15, 2013, appellant, Caylon Johnson, was convicted of the felony offense of aggravated robbery with a deadly weapon and sentenced to fifteen years imprisonment. Appellant filed his notice of appeal on September 13, 2013. *See* TEX. R. APP. P. 26.2. The record was due on October 14, 2013. *See* TEX. R. APP. P. 35.2(a). The clerk's record was filed on October 14, 2013 and the reporter's record has not been filed.

On October 28, 2013, the Clerk of this Court notified appellant that the court reporter responsible for preparing the record in this appeal had informed the Court that appellant had not requested preparation of the record or had not made arrangements to pay for the reporter's record. The Clerk further notified appellant that unless he provided either proof of payment for preparation of the reporter's record, proof of having made payment arrangements for the reporter's record, or a response showing that he was exempt from paying for the reporter's record by November 27, 2013, the Court might consider and decide those issues or points that do not require a reporter's record. *See* TEX. R. APP. P. 37.3(c). Although appellant appears to be represented by counsel in this appeal and appellant's counsel signed the notice of appeal for appellant, neither appellant nor his counsel have provided the Court with evidence that appellant has paid, made arrangements to pay, or is exempt from paying the court reporter's fees. Nor has appellant indicated any request to the trial court to have the reporter's record provided without charge under Texas Rule of Appellate Procedure 20.2.

Accordingly, we abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Nancy Knox-Bierman, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1   Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;
2) Determine whether counsel, Nancy Knox-Bierman, intends to represent appellant on appeal;
3) If counsel does not intend to represent appellant on appeal:
   a. Determine whether appellant is now indigent, and if appellant is indigent (i) appoint substitute appellate counsel at no expense to appellant and (ii) order the court reporter to file the reporter's record in this case within 25 days of the date of this order, at no cost to appellant;
   b. If appellant is not indigent, admonish appellant regarding the dangers and disadvantages of self-representation, and:
      1. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel; or,
      2. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney;
4) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and
5) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 38.8(b); *Whitehead*, 130 S.W.3d at 879; *Goffney*, 843 S.W.2d at 584–85; *Hawkins*, 613 S.W.2d at 722–23; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter record the hearing and file a supplemental reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ <u>Jane Bland</u>
               ☒ Acting individually    ☐ Acting for the Court


Date: April 17, 2014